In re: FEMA TRAILER FORMAL-
DEHYDE PRODUCTS LIA-
BILITY LITIGATION.

**MDL No. 1873.**

United States Judicial Panel on
Multidistrict Litigation.

Oct. 24, 2007.

Before D. LOWELL JENSEN, Acting Chairman, JOHN G. HEYBURN II, Chairman*, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL, DAVID R. HANSEN, ANTHONY J. SCIRICA, Judges of the Panel.

**TRANSFER ORDER**

D. LOWELL JENSEN, Acting Chairman.

**Before the entire Panel:*** Plaintiffs in one action pending in the Eastern District of Louisiana have moved, pursuant to 28 U.S.C. § 1407, to centralize this litigation for coordinated or consolidated pretrial proceedings in the Eastern District of Louisiana. All plaintiffs in the other actions now before the Panel as well as plaintiff in an Eastern District of Louisiana potential tag-along action support this motion. Responding defendants[1] oppose

---

* Judge Heyburn took no part in the disposition of this matter.

1. Fleetwood Enterprises, Inc.; Fleetwood Canada, Ltd.; Gulf Stream Coach, Inc.; Jay-

centralization; if the Panel deems centralization appropriate, they support selection of the Eastern District of Louisiana as transferee district.

This litigation presently consists of four actions listed on Schedule A and pending in two districts as follows: three actions in the Eastern District of Louisiana and one action in the Western District of Louisiana.[2]

■ On the basis of the papers filed and hearing session held, we find that the actions in this litigation involve common questions of fact, and that centralization under Section 1407 in the Eastern District of Louisiana will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All actions share factual questions relating to allegations that trailers-provided by the Federal Emergency Management Agency in the wake of Hurricanes Rita and Katrina-contain materials which emit dangerous, excessive levels of formaldehyde. Centralization under Section 1407 will eliminate duplicative discovery; avoid inconsistent pretrial rulings, especially with respect to class certification; and conserve the resources of the parties, their counsel and the judiciary.

■ We further find that the Eastern District of Louisiana is an appropriate transferee district for this litigation, because (1) three of the four actions now before the Panel and four potential tag-along actions are currently pending in this district, and (2) all parties agree, at least in the alternative, that the Eastern District of Louisiana is an appropriate transferee district for this litigation.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the action listed on Schedule A and pending in the Western District of Louisiana is transferred to the Eastern District of Louisiana and, with the consent of that court, assigned to the Honorable Kurt D. Engelhardt for coordinated or consolidated pretrial proceedings with the actions pending there and listed on Schedule A.

### SCHEDULE A

MDL No. 1873—*In re: FEMA Trailer Formaldehyde Products Liability Litigation*

*Eastern District of Louisiana*

*Keith Hillard, et al. v. United States of America, et al.*, C.A. No. 2:06–2576

*Decarlo McGuire, et al. v. Gulf Stream Coach, Inc., et al.*, C.A. No. 2:06–5659

*Robin Oldenburg, et al. v. United States of America, et al.*, C.A. No. 2:07–2961

*Western District of Louisiana*

*Kimberly G. Nelson, etc. v. Gulf Stream Coach, Inc., et al.*, C.A. No. 6:07–921

co Enterprises, Inc.; Pilgrim International, Inc.; Starcraft RV, Inc.; and Thor Industries, Inc.

2. The Panel has been notified that five other related actions have recently been filed as follows: four actions in the Eastern District of Louisiana and one action in the Middle District of Louisiana. These actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435–36 (2001).